GERALD F. ROSE & another *vs.* BOARD OF APPEALS OF WRENTHAM.

Norfolk.    March 8, 1967. — April 3, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Zoning,* Land on great pond, Variance.    *Great Pond.*

A license from the Division of Waterways of the Department of Public Works permitting the licensee "to maintain existing fill" in a Great Pond and to maintain "on said fill" a porch of a building, "subject to the provisions of . . . all laws which are or may be in force," did not justify maintenance of the porch contrary to the terms of the zoning by-law of the town in which it was located.    [303]

The record in a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision by a town's zoning board of appeals denying a variance to permit restoration to a dwelling of a porch which would be in violation of the set back requirements of the zoning by-law disclosed no facts which would have warranted the granting of a variance.    [303]

Use of a porch as accessory to a dwelling conforming with the zoning by-law of a town did not exempt the porch from conforming with the set back requirements of the by-law.    [303]

BILL IN EQUITY filed in the Superior Court on December 7, 1961.

The suit was heard by *Tomasello, J.*

*Louis A. Macey* for the plaintiffs.

*Howard C. Abbott,* Town Counsel, for the defendant, submitted a brief.

SPIEGEL, J. This is a bill in equity by way of appeal under G. L. c. 40A, § 21, from a decision of the board of appeals of the town of Wrentham (board) denying the plaintiffs' request for a variance. The case was submitted on a statement of agreed facts together with a number of exhibits including "a copy of findings and decision of the [b]oard . . . which is part of the record of this case." The parties agreed "[t]hat in the event the Court finds that the . . . [board has] jurisdiction over the porch in question, a variance may be required under the Zoning By-Law of the Town of Wrentham, before a building permit can be issued." A final decree was entered dismissing the bill, and the plaintiffs appealed.

On August 29, 1961, the plaintiffs purchased the land and buildings on a lot bordering on Lake Archer which is a Great Pond. On September 1, 1961, "while . . . [they] were making certain repairs to a certain porch" which was located "within the confines of the Great Pond of Lake Archer" they were informed that a building permit was required. "The plaintiffs appeared before the Board of Selectmen and were told to apply for a variance from the Board of Appeals." After a public hearing the board denied the plaintiffs a variance.

The prior owners of the property had obtained a license from the Division of Waterways of the Department of Public Works which permitted them, "subject to the provisions of . . . all laws which are or may be in force applicable thereto, to maintain existing fill with building thereon" and to maintain "[a] 1-story frame porch 12.9 feet by 10.1 feet . . . on said fill at its northeasterly corner."

From the board's decision it appears that the previous owner constructed the porch without a building permit. The board subsequently denied a variance to that owner.

Rose *v.* Board of Appeals of Wrentham.

After the board denied that variance "the matter had been presented to the Superior Court and to the Division of Waterways but due to an inconsistency in the recognition of jurisdiction, the matter was discontinued in the fall of 1959. Legal action was started in behalf of the Town but was stopped when the porch and part of the house were destroyed by fire. On January 19, 1960 . . . [a building permit] was issued . . . for reconstruction of the house with the stipulation that no repairs or construction be performed on the porch." The board found that the remaining part of the porch violated the section of the zoning by-law regulating the minimum distance of a building from the lot lines and that "[t]he size of the appellant's dwelling was such that . . . no hardship [can be found] in the requirement for a porch sufficient to substantiate the authorization of a variance."

1. There is no merit in the plaintiffs' argument that "the Town . . . has no jurisdiction" over the Great Pond of Lake Archer. The license from the Department of Public Works was expressly made "subject to the provisions of . . . all laws which are or may be in force." We have held that such licenses may not be used "contrary to the terms of the zoning by-law." *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 524.

2. There was no error in the judge's ruling that the board "legally denied the appeal of the petitioners for a variance." The principle is well established that "[r]arely can a court order the granting of a variance when the board has denied the petition. No person has a legal right to a variance." *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 161–162. There are no facts in the record before us which warrant the granting of a variance.

3. The plaintiffs' argument that the building permit should have been granted for the porch as an accessory use is not in point. Clearly even if the porch were an accessory use it did not conform to the set back requirements of the zoning by-law.

*Decree affirmed.*